IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDREW LOFTIS, <br> TDCJ #542783, | § <br> § <br> § | |
| Plaintiff, | § <br> § | |
| v. | § <br> § | CIVIL ACTION NO. H-06-2452 |
| BRIAN SMITH, | § <br> § <br> § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

State inmate Andrew Loftis has filed a pleading entitled "petition for a writ of habeas corpus." Because the petition complains about conditions of confinement, the Court has construed it as a complaint under 42 U.S.C. § 1983, alleging violations of Loftis's civil rights. Loftis proceeds *pro se* and *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A(a), the Court concludes that this case must be **dismissed** for reasons that follow.

**I.    BACKGROUND**

Loftis is presently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"), at the Estelle Unit in Huntsville. He sues Brian Smith, who is employed by TDCJ as a correctional officer at that facility. Loftis alleges that Smith subjected him to harassment on July 15, 2006, by refusing to feed him. Believing that he was in fear for his life, Loftis admits that he "retaliated" against Smith on July 16, 2006, by kicking him. Loftis claims that Smith then proceeded to use

"unnecessary" force by striking Loftis repeatedly with his fist. On July 23, 2006, Smith allegedly asked Loftis if he wanted something to eat and then threw Loftis' food tray on the floor of his cell.

Loftis accuses Smith of discrimination, retaliation, and harassment. Loftis believes that Smith is mistreating him because Loftis has filed grievances against Smith in the past. Loftis seeks declaratory relief, as well as compensatory and punitive damages. The Court concludes, however, that this case must be dismissed for reasons discussed below.

## II.    STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"). Because the plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint and, if appropriate, dismiss the case at any time if the court determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir.

2005).  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002).  Under that standard, courts must assume that the plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations.  *See id*. (citations omitted).

### III. <u>DISCUSSION</u>

The pleadings filed in this case fail to state a claim upon which relief can be granted at this time because Loftis has clearly failed to exhaust administrative remedies as required by the PLRA before filing suit in federal court.  Under the PLRA, codified as amended at 42 U.S.C. § 1997e(a), an inmate is required to exhaust administrative remedies for all "action[s] . . . brought with respect to prison conditions" before filing a civil rights suit in federal court under 42 U.S.C. § 1983 or "any other Federal law."  The Supreme Court has held repeatedly that § 1997e(a) requires exhaustion of *all* administrative procedures before an inmate can sue in federal court.  *See Booth v. Churner*, 532 U.S. 731, 741 (2001); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) (holding that the PLRA requires exhaustion of all claims concerning prison life, whether they involve general circumstances or particular episodes,

and whether they allege excessive force or some other wrong).

TDCJ has a formal two-step administrative grievance process. *See Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998) (outlining the two-step procedure, which at Step 1 entails submitting an administrative grievance at the institutional level followed by a Step 2 appeal if the result is unfavorable). The primary allegations lodged against the defendant concern events that occurred, if at all, on July 15, July 16, and July 23, 2006. The complaint is dated July 24, 2006. Thus, the pleadings reflect that Loftis has failed to exhaust administrative remedies before filing this suit by completing the two-step grievance process in place at TDCJ. This violates the exhaustion requirement found in § 1997e(a).

In a recent decision, the Supreme Court has emphasized that the exhaustion requirement found in the PLRA, 42 U.S.C. § 1997e(a), mandates "proper exhaustion," *Woodford v. Ngo*, — U.S. —, 126 S. Ct. 2378, 2387 (2006), which demands compliance with prison procedural rules. Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *See id.*, 126 S. Ct. at 2389-90. By failing to complete the two-step TDCJ grievance process in compliance with prison procedures, Loftis failed to properly exhaust his administrative remedies before filing suit. Because it is evident from the pleadings that Loftis failed to properly exhaust his administrative remedies before filing suit in federal court, his complaint is subject to dismissal for lack of compliance with § 1997e(a).

IV. **CONCLUSION AND ORDER**

Because the plaintiff has failed to exhaust available administrative remedies before

filing this action, the Court **ORDERS** as follows:

1. The plaintiff's complaint is **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted at this time.

2. The dismissal is without prejudice to refiling once the plaintiff has exhausted his administrative remedies.

**The Clerk is directed to provide copies of this order to the parties; to the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas, 77342-0629, Fax Number (936) 437-4793; and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker.**

SIGNED at Houston, Texas, on **July 31, 2006.**

_____
Nancy F. Atlas
United States District Judge

5

Case 4:06-cv-02452   Document 5   Filed in TXSD on 07/31/06   Page 6 of 6